U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP - 1 2013
CLERK, U.S. DISTRICT COURT
By_____
                Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROJELIO TREVINO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-412-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Rojelio Trevino, a state prisoner currently incarcerated in Huntsville, Texas, against William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed without prejudice on exhaustion grounds.

### I. FACTUAL AND PROCEDURAL HISTORY

On October 20, 2010, a jury found petitioner guilty of three burglaries that occurred on March 11, 2010, in Tarrant County,

Texas.[1] (01Clk's R. at 65; 02Clk's R. at 53; 03Clk's R. at 56[2]) The trial court sentenced petitioner, an habitual offender, to thirty-five years' confinement for each conviction. Petitioner appealed his convictions, but the Second Court of Appeals of Texas affirmed the trial court's judgments, and, on October 24, 2012, the Texas Court of Criminal Appeals refused petitioner's petitions for discretionary review. *Trevino v. State*, Nos. 02-10-00472-CR, 02-10-00473-CR & 02-10-00474-CR, slip op., 2012 WL 2428522 (Tex. App.-Fort Worth June 28, 2012); *Trevino v. State*, PDR Nos. 1003-12, 1004-12 & 1005-12. Petitioner did not seek writ of certiorari or state postconviction habeas review.

## II. ISSUES

Petitioner raises four grounds for relief, which are construed as follows:

(1) The inference of guilt arising from possession of recently stolen property at the time of arrest without reasonable explanation showing honest acquisition of the property violates his constitutional rights;

(2) The court of appeals erred in finding a garage to be a habitation where there was not a scintilla of evidence

---

[1]The jury acquitted petitioner of a fourth burglary charge.

[2]"01Clk's R." refers to the trial court clerk's record in Case No. 1193296D; "02Clk's R." refers to the trial court clerk's record in Case No. 1193298D; and "03Clk's R." refers to the trial court clerk's record in Case No. 1193299D.

2

reflecting the same:

(3) The indictment fails to allege a culpable mental state; and

(4) The trial court erred by failing to give notice to petitioner and his trial counsel before answering a jury question.

(Pet. at 6-7; Pet'r Mem. )

### III. RULE 5 STATEMENT

Respondent asserts the petition is not barred by limitations or successive. (Resp't Ans. at 8) However, he believes petitioner has failed to exhaust grounds (1), (3) and (4) and seeks dismissal of the petition without prejudice as a mixed petition presenting both exhausted and unexhausted claims. (*Id.* at 8-13)

### IV. EXHAUSTION OF STATE COURT REMEDIES

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of

Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012).

Petitioner has not exhausted his state court remedies with respect to grounds (1), (3) and (4). Although he raised his first ground in his petition for discretionary review, the claim was not raised in his brief on appeal. Further, his third and fourth grounds are raised for the first time in this federal petition. Because the state court has not yet had a fair opportunity to consider the merits of the claims, the claims are unexhausted for purposes of federal habeas review, and any ruling from the federal court at this juncture would be premature.[3] *See Martinez v. Petitioner*, 255 F.3d 229, 238 (5th Cir. 2001).

---

[3]Although the court has the discretion to stay and abey the petition pending exhaustion, petitioner has not replied to respondent's answer as to demonstrate a basis for staying this habeas action. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005). Furthermore, petitioner has a state court remedy, and the federal statute of limitations has not yet expired, *infra* n. 4.

4

Petitioner has not filed a state habeas application. Thus, he has an avenue to seek state relief on his complaints by way of habeas corpus. Thus, he must first pursue his state habeas corpus remedies before seeking relief under § 2254. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by Petitioner, he cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972).

Accordingly, dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his state court remedies as to all his claims and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[4]

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice on exhaustion grounds.

Pursuant to Rule 22(b) of the Federal Rules of Appellate

---

[4] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

5

Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has failed to exhaust his state court remedies with respect to three of his four claims or made a substantial showing of the denial of a constitutional right.

SIGNED September ___1___, 2013.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE